NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MILES SENN, Individually and on Behalf of All Others Similarly Situated, | : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : : | **OPINION** |
| v. | : : | Civil Action No. 03-CV-4372 (DMC) |
| WILLIAM V. HICKEY, T.J. DERMOT DUNPHY, DANIEL VAN RIPER, DAVID KELSEY, JEFFREY S. WARREN and SEALED AIR CORPORATION, | : : : : : : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon a motion by William V. Hickey, T.J. Dermot Dunphy, Daniel Van Riper, David Kelsey, Jeffrey S. Warren ("Individual Defendants"), and Sealed Air Corporation ("Sealed Air") (collectively "Defendants"), to reconsider this Court's December 19, 2005 Opinion and Order, pursuant to Federal Rule of Civil Procedure 59(e), which granted in part and denied in part Defendants' motion to dismiss. Oral argument was heard on April 7, 2006. For the reasons set forth below, the Court grants Defendants' request to reconsider its previous opinion, but denies the relief requested as the newly considered case law does not alter the Court's prior decision.

### I. BACKGROUND

      The facts of this matter are described in detail in this Court's December 19, 2005 Opinion

and in the interest of judicial economy the facts will not be restated here.  In the December 19, 2005 Opinion and Order, this Court dismissed this action against Defendants Hickey, Van Riper, Kelsey, and Warren because Plaintiff failed to allege scientor as to these Defendants.  However, this Court denied the motion to dismiss in regard to Defendants Dunphy and Sealed Air because the Court found that Plaintiff did meet the scientor pleading requirement for those two Defendants.  Defendants Dunphy and Sealed Air now request this Court to reconsider this decision.  They argue that despite the fact that Plaintiff satisfied the scientor requirement, the Court should still dismiss Plaintiff's claims against Dunphy and Sealed Air because Plaintiff's Complaint is untimely and Plaintiff fails to satisfy the element of loss causation.

## II. Discussion
### A. Standard for Reconsideration

Under Rule 59 of the Federal Rules of Civil Procedure, a party must satisfy a high standard in order to have a judgement altered or amended.  In North River Insurance Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995), the Court stated that a Rule 59 motion for an amended judgment must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to either correct a clear error of law or prevent a manifest injustice.  A motion for reconsideration is regarded as "the functional equivalent of a Rule 59 motion. . . to alter or amend judgment."  Venen v. Sweet, 758 F. 2d 117, 122 (3d Cir. 1985).

### B. Local Rule 7.1

Although Rule 59 allows for a judgment to be altered, there is no express provision in the Federal Rules of Civil Procedure for a judicial decision to be reconsidered.  United States v.

Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (Hedges, U.S.M.J.).  However, in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision."  LITE, N.J. FEDERAL PRACTICE RULES, Comment 6 to L. Civ. R. 7.1(g) (GANN 2002 ed.).  Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey.  Compaction Sys. Corp., 88 F. Supp. 2d at 345.

Relief by way of a motion for reconsideration is an "extraordinary remedy" only be granted "very sparingly."  NL Indus. Inc. v. Commercial Union Ins., Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986) (Brotman, U.S.D.J.).  Local Rule 7.1(g) does not contemplate a recapitulation of arguments previously considered by the court in rendering its decision.  Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992) (Lechner, U.S.D.J.), aff'd, 37 F.3d 1485 (3d Cir. 1994).  Stated more simply, a motion for reconsideration is not an appeal.  It is improper for a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through – rightly or wrongly."  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (Ackerman, U.S.D.J.).  Rule 7.1(g) permits reconsideration only when "dispositive factual matters or controlling decisions of law" that were previously presented to the court were overlooked. Resorts Int'l v. Great Bay Hotel and Casino, 830 F. Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup, Co., 893 F. Supp. 316, 337 (D.N.J. 1995) (Irenas, U.S.D.J.).

### C. Defendants Meet the Standard for Reconsideration

Defendants meet the standard for reconsideration because the issues of loss causation and Plaintiff's failure to comply with the appropriate statute of limitations were raised in their original moving papers and not addressed in this Court's December 2005 Opinion. Controlling decisions of law previously presented to the Court were not adequately addressed. Therefore the Court now examines these issues more fully.

### D. Statute of Limitations

Defendants argue Plaintiff's claims should be dismissed because Plaintiff failed to file his Complaint within the appropraite statute of limitations ("SOL"). (Defendants' Brief in Support of their Motion for Reconsideration ("Def. Br.") at 2). Prior to the enactment of the Sarbanes-Oxley Act on July 30, 2002, the SOL period for 10(b) securities fraud claims was either one year from inquiry notice or three years from the time of the violation. Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350 (1991). Now, pursuant to the Sarbanes-Oxley Act, the SOL for federal securities fraud claims is either two years from the discovery of the fraud or five years from the time of the violation. Pub. L. No. 107-204 §804, 116 Stat. 745, 801 (July 30, 2002), codified at 28 U.S.C. § 1658(b). While the Third Circuit has not addressed this issue, the Second Circuit has ruled that federal securities claims under 10(b) would not be revived by the passing of the Sarbanes-Oxley Act if they were already barred by the Lampf decision on the date the Act was passed. In re Enterprise Mort. Acceptance Co., 391 F.3d 401 (2d Cir. 2004). In adopting the Second Circuit's reasoning, the SOL period set forth in Lampf, and not the one under the Sarbanes-Oxley Act, applies to Plaintiff's claims because the initial alleged

misrepresentations occurred on March 27, 2000, which was prior to the enactment of Sarbanes-Oxley.  (See Plaintiff's Complaint).

### 1. Inquiry Notice

Defendants argue Plaintiff was on inquiry notice by April 2001, when Grace filed for bankruptcy and made the disclosure that it had experienced an 81% increase in its asbestos litigation.  (Defendants' Brief in Support of their Motion to Dismiss at 22).  Defendants claim this disclosure was enough to place Plaintiff on inquiry notice and start the clock running.  However, in order to decide the issue of whether or not Plaintiff was on inquiry notice as of April 2001, this Court would have to make a number of highly factual inferences.  Making factual determinations are not appropriate during the determination of a motion to dismiss where all of the allegations in the Complaint must be taken as true, and viewed in the light most favorable to the Plaintiff.  Therefore, it is not appropriate at this time for the Court to make a determination of whether or not Plaintiff was on inquiry notice by April 2001.

### 2. The Three Year Statute of Limitations

Pursuant to the Supreme Court's decision in Lampf, all federal securities fraud claims must be commenced "within three years after such violation." 501 U.S. at 364.  The limitations period begins to run on the date that the alleged fraud occurred.  Id.  During oral argument on this motion for reconsideration, some confusion developed regarding the alleged fraud giving rise to this lawsuit.  Plaintiff stated during oral argument:

> The claim is not based on the existence, the hiding of the asbestos liability of Grace.  It's based upon the hiding of the fact that they [Defendants] knew of [asbestos] liability in 1998.  And that's why the fact that Grace went into bankruptcy doesn't give notice of the claims because that just shows that the claims existed at the time of the bankruptcy ... so the fact that the claims came up later ... doesnt say anything

>      about what [Defendants] knew in 1998, and thats what they hid: they hid that they
>      knew about it and that it existed in '98.

(Transcript of Oral Argument before Judge Cavanaugh on Defendants' Motion for Reconsideration ("Tr.") 44:16-45:3). Plaintiff also stated at oral argument that his Complaint relies on the "failure to disclose by the Defendants what they knew at the time of the transaction that there was liability and therefore that they would be liable" for the asbestos litigation involving Grace. (Tr. 40:5-7). Plaintiff argued that Defendants' failure to disclose "encompasses a failure to disclose in general, including failure to disclose the manipulation of the KPMG report, because, by failing to disclose the underlying facts, they [Defendants] also fail to disclose the mechanism by which the fraud takes place." (Tr. 40:7-12).

At this point it is unclear when the three year SOL began running. All allegations in the Complaint must be taken as true, and viewed in the light most favorable to Plaintiff the motion to dismiss stage. At this point, the Court cannot make the determination of whether Plaintiff's Complaint is timely or not. This does not mean that the Court may not later find Plaintiff's Complaint to be untimely. It means that at this time, the Court cannot dismiss Plaintiff's Complaint as untimely.

### E. Loss Causation

The Private Securities Litigation Reform Act ("PSLRA") requires plaintiffs in securities actions to carry the burden of "proving that the act or omission of the defendant . . . caused the loss for which the plaintiff seeks to recover damages." 15 U.S.C. § 78u-4(b)(4). The Third Circuit has addressed this issue and found that plaintiffs must show that there is both: (1) a sufficient causal connection between the alleged loss and the alleged misrepresentations; and (2)

that the stock price dropped in response to the disclosure of the alleged misrepresentations. Semerenko v. Cendant Corp., 223 F.3d 165, 183-87 (3d Cir. 2000). If a plaintiff cannot demonstrate a causal nexus exists between the stock price drop identified, and the misleading statement or omissions of which the plaintiff complains, a plaintiff has failed carry the burden of proving proximate causation and the claims must be dismissed. Dura Pharmaceuticals, Inc. v. Broudo, 125 S. Ct. 1627,1634 (2005). The "causation issue becomes most critical at the proof stage. Whether the plaintiff has proven causation is usually reserved for the trier of fact." EP Medsystems, Inc. v. EchoCath, Inc., 235 F.3d 865, 884 (3d Cir. 2000). The Court must view the allegations "in a light most favorable to the Section 10(b) plaintiff" and avoid making determinations on factual issues during a motion to dismiss. In re MobileMedia Securities Litig., 28 F.Supp.2d 901, 940 (D.N.J. 1998).

Here, the Court would have to address many issues of fact to make a determination of whether Plaintiff has established loss causation in regard to Defendants Dunphy and Sealed Air. The Court is prohibited from making these determinations at this point in the litigation. Again, this decision does not mean Defendants may not later prove Plaintiff failed to establish loss causation. The Court is only stating that it would be improper to make a ruling on this issue during a motion to dismiss.

### III. Conclusion

For the reasons stated, the Court grants Defendants' request to reconsider its previous opinion, but denies the relief requested as the newly considered case law does not alter the Court's prior decision. Accordingly, Plaintiff's claims against Defendants Hickey, Van Riper,

Kelsey and Warren are dismissed.  Plaintiff's claims against Defendants Dunphy and Sealed Air are not dismissed.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh<br>
Dennis M. Cavanaugh, U.S.D.J.

Date:        July 10, 2006
Original:    Clerk's Office
Cc:          All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File