NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> T.J. DERMOT DUNPHY and SEALED AIR CORPORATION, <br><br> Defendants | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 03-CV-4372 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion for reconsideration by Defendants T.J. Dermot Dunphy and Sealed Air Corporation ("Sealed Air"), pursuant to FED. R. CIV. P 6(b) and L. CIV. R. 7.19(g) and (i). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion for reconsideration is **denied**.

**I.    BACKGROUND**

The facts of the matter were described in this Court's March 12, 2008 Opinion and in the interest of judicial economy the facts will not be restated in this opinion. On July 25, 2007 Defendants filed a Motion for Reconsideration and now seek reconsideration of this Court's December 14, 2005 Order and July 10, 2006 Order to the extent that there has been a change in

controlling law.

## II.   STANDARD OF REVIEW

### A.   Local Rule 7.1

Motions for reconsideration in this district are governed by Local Civil Rule 7.1(i).  See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993).  Such relief is "an extraordinary remedy" that is to be granted "very sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

Although Rule 59 allows for a judgment to be altered, there is no express provision in the Federal Rules of Civil Procedure for a judicial decision to be reconsidered.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  However, in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge or a Magistrate Judge, to take a second look at any decision "upon the showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision."  LITE, N.J. FEDERAL PRACTICE RULES, Comment 6 to L. CIV. R. 7.1(g) (GANN 2002 ed.).  Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the this District.  Compaction Sys. Corp., 88 F. Supp. 2d at 345.

### III.  DISCUSSION

The Order Defendants challenge were entered on December 14, 2005 and July 10, 2006; Defendants' motion was filed on July 25, 2007.  The 10-day filing period for a motion to alter or amend a judgment "is jurisdictional and cannot be extended at the discretion of the district court."  See FED. R. CIV. P. 6(b); Mash v. Twp. of Haverford Dep't of Codes Enforcement, 2007 U.S. Dist. LEXIS 67265 (D. Pa. 2007).  ("Rule 6(b) . . . explicitly provides that the district court may not extend the time for taking any action under Rule 59(e).")  The 10 day period has lapsed after the issuance of the this Court's last Order; thus, Defendants' motion for reconsideration is **denied**.

Defendants state that where a change in controlling law occurs more than 10 days after the issuance of the order, Federal Rule of Civil Procedure 6(b) permits such a court at its discretion to enlarge the time for filing a motion.  Defendants cite Colt Ind., Inc. v. Aetna Cas. & Sur. Co., holding that reconsideration was appropriate despite the untimely filing of a motion.  1991 U.S. Dist. LEXIS 7427 (E.D. Pa. 1991).  In Colt, the court ruled in favor of a motion for reconsideration regarding the prior opinion which ruled on the proper manner in which asbestos related insurance policies would be handled.  Id.  In this prior opinion, the Third Circuit based its decision on a prediction of what the Pennsylvania Supreme Court would hold if it addressed the issue, but the Third Circuit did not have any Pennsylvania cases upon which to base its prediction.  Id.  Following this Third Circuit decision, however, the Pennsylvania Supreme Court sitting *en banc* in the case J.H. France Refractories Co. v. Allstate Insurance, decided against the approach taken by the Third Circuit.  Id.  As a result, the Colt Court reasoned that reconsideration was appropriate because their prior opinion was based on predictions, and in light of the outcome

of the Pennsylvania Supreme Court ruling, their previous holding was inconsistent with the present law established by that state's highest Court.  Id.  Since the Colt reconsideration opinion was not founded on present case law, but rather predictions of what the Pennsylvania Supreme Court would rule, this case exhibits a proper example of when a court should exercise its discretion to enlarge the time for filing a motion for reconsideration.

The motion facing this Court is clearly is not the same set of circumstances presented by the Colt case.  The Opinions issued in December 2005 and July 2006 were founded on well settled case law not on predictions.  The Federal Rule of Civil Procedure 6(b) was not promulgated to allow a court to enlarge the period for filing a motion for reconsideration when based on a change in intervening or controlling law when the at the time the Opinions were filed, they were consistent with the present law of that time.  Thus, Defendants' motion for reconsideration is denied as **untimely**.

### III. CONCLUSION

Defendants' motion for reconsideration was untimely filed.  For the aforementioned reasons, Defendants' motion for reconsideration is **denied**.  An appropriate Order accompanies this Opinion.

      S/ Dennis M. Cavanaugh
      Dennis M. Cavanaugh, U.S.D.J.

Date:        March   14  , 2008
Original:   Clerk's Office
cc:          All Counsel of Record
              Hon. Mark Falk, U.S.M.J.
              File