NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM V. HICKEY, T.J. DERMOT DUNPHY, DANIEL VAN RIPER, DAVID KELSEY, JEFFREY S. WARREN, and SEALED AIR CORPORATION,<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 03-CV-4372 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiff Louisiana Municipal Police Employees' Retirement System's ("Plaintiff") motion for partial summary judgment on Defendant Sealed Air Corp.'s ("Defendant") Advice of Counsel defense pursuant to Fed. R. Civ. P. 56; and Plaintiff's motion to bar Defendant from raising that defense at trial. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's motion for partial summary judgment is **granted**; and Plaintiff's motion to bar Defendant from raising the Advice of Counsel defense at trial is **denied** as moot.

**I.     BACKGROUND**[1]

---

[1] The facts set-forth in this Opinion are taken from the Parties' FED. R. CIV. P. 56.1 statements in their respective moving papers.

This action commenced as a class action lawsuit, filed "on behalf of public investors who purchased the securities of Defendant during the period from March 27, 2000 to July 30, 2002." Compl. ¶ 1.  At the time, Miles Senn was lead Plaintiff, and he complained of "a fraudulent scheme and deceptive course of business that injured purchasers of Defendant's stock." Id.

Miles Senn withdrew from this action and this Court substituted Plaintiff Louisiana Municipal Police Employees' Retirement System as the lead plaintiff.  Plaintiff is a pension fund with approximately $1.3 billion in net assets, filing as the class representative.  Plaintiff contends that it purchased Defendant's securities prior to the critical disclosure date and continued to hold them for disclosure.  Plaintiff also argues that it has suffered $1,204,771 in losses as a result of Defendant's fraudulent scheme and deception.

On February 13, 2006, Defendant filed its Answer, asserting forty-five affirmative defenses. Defendant's ninth affirmative defense was the Advice of Counsel defense.  Defendant asserted that:

> Defendants are not liable because they were entitled to, and did, reasonably and in good faith rely upon the work, conclusions, and advice of counsel, experts, and other professionals in executing or authorizing the execution and/or publication of any document containing the statements complained of in the Complaint.

Answer ¶ 31.

Plaintiff requested that Defendant's counsel either pursue the affirmative defense or maintain their attorney-client privilege, informing Defendant that the attorney-client privilege cannot be used as both a sword and shield.  In a letter dated December 17, 2007, Defendant's counsel addressed Plaintiff's concerns, regarding the Advice of Counsel defense.  Pertinently, Defendant stated that it had not waived the privilege by placing their advice of counsel defense among their affirmative defenses.  Defendant stated that "[b]ecause defendants have not yet elected

2

to offer evidence concerning the advice of its attorneys, no privilege has been waived. We will, however, let you know whether we intend to offer such evidence...well before depositions commence in this case." Plaintiff's Statement of Undisputed Facts ¶ 2.

On March 27, 2008, Defendant's counsel e-mailed Plaintiff's counsel, stating that "[a]s we discussed, this will confirm that the Sealed Air defendants will be voluntarily dismissing their affirmative defense on advice of counsel. We will work with local counsel to file the appropriate papers will the Court." Plaintiff's Statement of Undisputed Facts ¶ 3. Defendant, however, has not filed to withdraw the Advice of Counsel defense.

**II.   STANDARD OF REVIEW**

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. See id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of

3

a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

### III.  DISCUSSION

Plaintiff requests partial summary judgment because Defendant raised, then waived, the Advice of Counsel defense. Plaintiff asserts that Defendant has impermissibly asserted the privilege as the basis for withholding damaging documents from production, thereby using the attorney-client privilege as a sword and shield. See Berckley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 221 (3d. Cir. 2006). Plaintiff submits that this Court should grant partial summary judgment on this issue because Defendant has not withdrawn its Advice of Counsel defense as promised. Plaintiff also requests that this Court grant Plaintiff's motion to bar Defendant from raising the Advice of Counsel defense at trial, so that Plaintiff may avoid any prejudice from such future attempt.

Defendant requests oral argument on this matter. Defendant states that, first, Fed. R. Civ. P. 56 does not allow this Court to provide rulings on isolated or non-dispositive issues, such as affirmative defenses. See RePass v. Vreeland, 357 F.2d 801, 805 (3d Cir. 1966); N.J. Auto Ins. Plan v. Sciarra, 103 F. Supp. 2d 388, 395-96 (D.N.J. 1998); S.E.C. v. Thrasher, 152 F. Supp. 2d 291, 295 (S.D.N.Y. 2001). Second, Defendant asserts that Plaintiff's motion should be denied as moot because Defendant has already agreed to withdraw the Advice of Counsel defense. Third, Defendant disputes Plaintiff's proposed order as overbroad and as requesting this Court to determine issues that are not yet ripe for resolution. This Court, however, grants Plaintiff's motion

for partial summary judgment and denies Plaintiff's motion to bar Defendant from raising the Advice of Counsel defense at trial, as moot.

First, this Court grants Plaintiff's motion for partial summary judgment because no genuine issue of material fact remains.  Defendant has agreed to withdraw the Advice of Counsel defense, thereby preserving the attorney-client privilege. Neither party disputes this conclusion.  Therefore, this Court grants Plaintiff's motion for partial summary judgment.

Second, this Court denies Plaintiff's motion to bar Defendant from asserting the Advice of Counsel defense at trial.  This issue presents a moot point.  Because this Court grants Plaintiff's motion for partial summary judgment, Defendant is unable to raise this issue at trial.  No stipulation between the parties is necessary.

**IV.   CONCLUSION**

For the reasons stated, it is the finding of this Court that Plaintiff's motion for partial summary judgment is **granted**; and Plaintiff's motion to bar Defendants from raising the advice of counsel defense at trial is **denied** as moot.  An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh  
    Dennis M. Cavanaugh, U.S.D.J.

Date:         August  11 , 2008  
Orig.:         Clerk  
cc:              All Counsel of Record  
             Hon. Mark Falk, U.S.M.J.  
             File